## HAYNES *versus* HAYWARD.

A distinction between *masts* and *logs* is recognized by the laws of the State; but under some circumstances the latter term may include the former.

But where a contract in writing is made to sell certain "logs," and the scale of a designated surveyor is agreed upon as the basis of the settlement between the parties, the "logs" described in the scale bill are the only articles sold, notwithstanding the surveyor enumerates a "mast" as scaled in the same bill.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

REPLEVIN, for a mast.

Defendant claimed title under a bill of sale from plaintiff, the essential part of which was as follows:—

"Said Haynes agrees to sell, and does hereby sell to said Hayward & Co., of Bangor, all the logs cut and hauled into the Joe Merry waters, the present lumbering season, by J. & F. H. Cowan, and marked NHX."

By the same contract, Haywood & Co. agreed to purchase the said logs at the prices fixed therein; and the quantity to be determined by the scale of J. K. Gilmore.

It was afterwards indorsed upon the contract, and signed by the parties, that "the scale of Mr. Gilmore is to be taken in settlement."

The mast in controversy was cut by the persons named in the bill of sale, and bore the same mark of the logs, and was taken possession of by defendant as one of the firm of Hayward & Co., at the place where the logs were to be delivered.

The several kinds of logs described in the contract, as white pine, Norway pine and spruce, were scaled by Gil-

more and his account of the same made out; "also one mast, scaling 2,930 feet."

Other evidence as to conversations between the parties when the contract was made, was introduced subject to objection.

Upon so much as was legally admissible, the Court were authorized to render such judgment as the law required.

*Blake,* for defendant. Under the term "logs" the title to the mast in question passed to defendant. The word "logs" is the most comprehensive one in use to designate and embrace any stick of wood. It is the generic term, and mast, mill-log, board-log, fire-log, are specific kinds.

The title then passed, unless excepted; and the burden is on plaintiff to show that this particular stick was excepted. All the conversations, as well as declarations of defendant, were merged in the written contract, and can have no bearing on the question under consideration. Any thing to contradict or vary the written contract, must be excluded.

Nor does the scale bill throw any light upon the question. Gilmore was the agent of plaintiff to ascertain only the *quantity* of logs cut.

The scale bill was not made until after the contract was executed, and of course it was not before them, and the contract was made with no other reference to Gilmore's scale, than as a means of ascertaining the quantity.

*Sewall & Knowlton,* for plaintiff.

1. The laws of the State make a distinction between "logs, masts, spars and other lumber." R. S., c. 67; also c. 72 of laws of 1848, and c. 216 of 1851. It is presumed the parties entered into their contract with reference to the law. *Heald* v. *Cooper,* 8 Greenl. 32.

2. The scale bill, which is made a part of the contract, makes the same distinction.

3. But if masts may be embraced ordinarily under the term "logs," under this contract it cannot be so construed.

What Gilmore calls logs, defendant was to take, and nothing more.

APPLETON, J. — On March 25, 1853, the plaintiff contracted with the firm of Hayward & Co., of which the defendant is a member and whose rights he represents, to sell them " all the *logs* cut and hauled into the Joe Merry waters the present lumbering season, by J. & F. H. Cowan, and marked NHX." The contract, after specifying the prices, proceeds as follows, " the foregoing sale and prices are based upon the wood scale of John K. Gilmore, whose certificate of quantity shall be conclusive between the parties." In the close of the contract there is a further stipulation, that if the scale of Gilmore should not be satisfactory to either party, it may be rescaled and the certificate of the person by whom the logs may be scaled, shall be conclusive as to quantity between the parties.

The scale bill of Gilmore, to which reference is made and which is admissible in evidence between these parties, purports to be of logs scaled and counted, from Jan. 1, 1853, to April 9, 1853, and besides the logs, contains the admeasurement of one mast.

On April 9, 1853, it was agreed by the parties to the contract of sale, " to discount, from the prices before named, twelve and one half cents per thousand, and the scale of Mr. Gilmore is to be taken on settlement." This agreement is indorsed upon, and made part of, the contract of March 25, 1853, under which the defendant derives his title to the logs then contracted to be sold.

The question in controversy is, to whom the mast, the quantity of which appears in the scale bill of Gilmore, belongs.

The statutes of this State recognize different kinds of lumber, designated by different names and appropriated to different uses. There are logs, masts, spars and other lumber. It is insisted that in the contract, under which the defendant claims, the word " logs" includes within its meaning

"masts." Being a word of enlarged signification, it might, under some circumstances, receive such a construction. So it might, in some supposeable use of the term, be held to embrace "spars." But, in this case, nothing indicates that it is to receive an enlarged meaning. The quantity, by the terms of the contract, is to be ascertained from the scale bill of Gilmore, and that is to "be taken in the settlement." The scale bill is therefore in terms incorporated in the contract. Being incorporated in the contract, the sale is of a certain specific amount of logs, scaled by Gilmore, and of nothing else. There may have been masts and spars, which are a distinct species of lumber, in Gilmore's bill, but they are not included in the contract. That provides that the scale bill of Gilmore, or, if any dissatisfaction should arise as to his scale, of some one to be agreed upon, shall be final and conclusive. The contract is finally closed, by mutual consent, upon the basis of his scale of the logs. In that scale, the mast was not included. The distinction between masts and logs is to be found in the statute and in the scale bill of Gilmore, and by the adoption of that bill, it must be deemed as part of the contract, by the mutual assent of all parties.

The mast cannot therefore be regarded as having been included in the logs sold. The plaintiff is entitled to recover.

*Defendant defaulted.*